IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANA RUDDY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: |
| | ) | |
| v. | ) | |
| | ) | |
| LIFE INSURANCE COMPANY | ) | |
| OF NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR ERISA BENEFITS AND OTHER RELIEF**

Plaintiff Diana Ruddy, as and for her complaint for recovery of ERISA benefits and other relief against Life Insurance Company of North America, alleges as follows:

**Nature of the Action**

1. This is an action seeking recovery of benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 *et seq*., and other relief as described below. It arises from defendant Life Insurance Company of North America's wrongful refusal to pay disability benefits under a certain Group Policy of disability insurance.

2. This action seeks, among other relief, the recovery of benefits due to the plaintiff under the terms of the Group Policy, the enforcement of her rights under the Group Policy's terms, and recovery of reasonable attorneys' fees.

**Jurisdiction and Venue**

3. The Court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e)(1).

4. Venue is properly placed in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2).

## The Parties

5.  Plaintiff Diana Ruddy is a natural person residing at 1404 Madison Avenue, Harrington, DE 19952, and a former employee of Dover Downs Gaming and Entertainment, Inc. ("Dover Downs").

6.  Life Insurance Company of North America ("LINA") is a Pennsylvania corporation with offices at 1601 Chestnut Street, Philadelphia, PA 19192-2235.  A subsidiary of CIGNA Corporation, LINA is engaged in the business of insurance, and regularly sells and issues contracts of insurance within the State of Delaware.  LINA is subject to this Court's *in personam* jurisdiction.

## The Insurance Contract

7.  At all times relevant hereto, LINA contracted with Dover Downs to provide disability insurance to the latter's employees under LINA's Group Policy No. LK-970011 (the "policy").

8.  At all times relevant hereto, LINA has provided group disability insurance to Ms. Ruddy, and pursuant to the policy.

9.  Certain terms of the policy are applicable to this dispute.  For example, the policy sets forth a "Definitions" section, providing the following definition of the terms "disability" and "disabled":

> **Disability/Disabled**
>
> For purposes of coverage under the Policy, you are Disabled if, because of Injury or Sickness, you are unable to perform all the material duties of your regular occupation, and solely due to Injury or Sickness, you are unable to earn more than 80% of your Indexed Covered Earnings from working in your regular occupation.
>
> After Disability Benefits have been payable for 24 months, you are Disabled if your Injury or Sickness makes you unable to perform all the material duties of any occupation for which you may reasonably become qualified based on education, training or

experience, and solely due to Injury or Sickness, you are unable to earn more than 60% of your Indexed Covered Earnings.

10. Ms. Ruddy has satisfied, either directly or through Dover Downs, all conditions precedent to coverage under LINA's Group Policy No. LK-970011, including without limitation the timely payment of premiums and timely notice of claims.

11. The policy is a contract of adhesion, whose terms were not the subject of negotiation between LINA (on the one hand) and Dover Downs or its representatives (on the other).

### Ms. Ruddy's Disability

12. In October 2001 Ms. Ruddy was employed with Dover Downs.

13. On or about October 21, 2001, Ms. Ruddy suffered a brachial plexus traction injury.

14. As a result of her October 2001 injury, Ms. Ruddy contracted the disorder commonly known as Reflex Sympathetic Dystrophy (or "RSD").[1]

15. RSD is a dangerous, progressive and potentially debilitating neuropathic disorder. Delaware's General Assembly has recognized these features of the disease, finding (as part of Senate Bill No. 67, 142nd Delaware General Assembly (2003)) that "a delay in diagnosis or treatment" for RSD "can result in severe physical . . . problems," while "early recognition and prompt treatment. . . provide the greatest opportunity for recovery. . . ."

16. Since October 2001 Ms. Ruddy has been diagnosed with multiple sclerosis.

17. Multiple sclerosis is a degenerative disease of the central nervous system marked by patchy destruction of the myelin that surrounds and insulates nerve fibers. It is associated with partial or complete paralysis and jerking muscle tremor.

---

[1] The correct clinical name for this disorder is Complex Regional Pain Syndrome Type I. However, because the disorder is more commonly known as RSD, we refer to it here by that name.

18. Since October 2001 Ms. Ruddy has been diagnosed with Major Depressive Disorder (recurrent and severe). Major Depressive Disorder is a serious mental illness, and among the leading causes of disability in the United States. It is common to RSD sufferers, and regarded in the medical community as an appropriate response to the debilitating effects of RSD.

19. As a result of the illnesses and injuries suffered by Ms. Ruddy since October 2001, she is disabled within the meaning of the policy.

## LINA's Wrongful Conduct

**A. The Original Application for Long-Term Disability Benefits**

20. Ms. Ruddy has been disabled continuously from September 2003 to the present.

21. Ms. Ruddy's original application for long-term disability benefits under the policy was denied by LINA in or about May 2004.

22. LINA's handling of Ms. Ruddy's original application for long-term disability benefits betrayed its unwillingness to deal fairly with Ms. Ruddy, and its predisposition toward denying benefits.

23. Specifically, and in denying Ms. Ruddy's application for long-term disability benefits, LINA purchased and relied on the medical opinion of Dr. Robert Riederman. But a Delaware trial court has found that in a substantially similar setting -- where an insurance company paid Dr. Riederman for a supposedly "independent" medical evaluation of its insured -- Dr. Riederman's opinions were so lacking in medical and scientific value as to be inadmissible in evidence under *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1973):

> *Daubert* requires that the expert's reasoning be both scientifically valid and applicable to the facts of the case. The Court finds neither is the case here. It is ***overwhelmingly clear*** that Dr. Riederman's opinion on causation does not come close to being the product of a scientifically valid methodology or applicable to the facts at hand.

* * *

> Dr. Riederman's opinion on causation cannot withstand *Daubert* scrutiny. It is premised on misinterpretations of clinical studies, a scientifically insupportable methodology, and a misinterpretation of Waddell signs. Moreover, the studies and Waddell testing which he claims support his causation opinion are simply inapplicable to the facts at issue.

*Crowhorn v. Boyle*, 793 A.2d 422, 433-34 (Del. Super. Ct. 2002) (emphasis added).

24. LINA's reliance on Dr. Riederman and his opinions, two years ***after*** his services as an "independent" medical evaluator were publicly discredited in the *Crowhorn* case, is a reflection of LINA's perverse and ethically suspect handling of Ms. Ruddy's claim.

25. LINA's denial of Ms. Ruddy's original application for long-term disability benefits was wrong, and was eventually reversed on appeal. As a result, LINA paid to Ms. Ruddy long-term disability benefits under Group Policy No. LK-970011 beginning March 1, 2004.

**B. Ms. Ruddy's Current Condition**

26. Ms. Ruddy's medical condition has not improved, but actually worsened, since March 2004.

27. The worsening of Ms. Ruddy's medical condition since March 2004 is an expected consequence of the progressive nature of RSD, and the degenerative nature of multiple sclerosis.

28. Among Ms. Ruddy's treating physicians is Robert J. Schwartzman, M.D. Chairman of the Drexel University College of Medicine's Neurology Department, Dr. Schwartzman enjoys an international reputation as one of the world's leading authorities on RSD. On information and belief, Dr. Schwartzman has authored over one hundred peer-reviewed books and articles on RSD and other topics related to the science of neurology. His scholarly writings have appeared in the *Journal of Thoracic and Cardio Surgery*, the *American Journal of Physical Medicine*, the

*Journal of Neurology, Neurosurgery and Psychiatry*, the publications *Neurology* and *Brain Research,* and *Nature* magazine.

29. Dr. Schwartzman has opined that Ms. Ruddy is disabled from work.

30. Among Ms. Ruddy's treating physicians is Sonya Tuerff, M.D. of Delaware Vascular Associates in Newark, Delaware. Dr. Tuerff is board certified in general and vascular surgery, and serves on the staff of Christiana Hospital.

31. Dr. Tuerff has opined that Ms. Ruddy is disabled from work, and is not likely to "ever be able to work again."

32. Among Ms. Ruddy's care providers is Patricia A. Guarriello, Ph.D. of the Center for Human Development in Dover, Delaware. Ms. Guarriello has diagnosed Ms. Ruddy with Major Depressive Disorder (recurrent and severe).

33. Ms. Guarriello has determined that "[t]he simple activities of daily living that most people take for granted are at times insurmountable for Ms. Ruddy." Ms. Guarriello has further opined that she "would be unable to recommend that Ms. Ruddy return to the work force now or in the future."

**C. The (Purported) March 2006 Denial of Disability Benefits**

34. By letter dated June 21, 2007 from Diana Accetta, Disability Claim Manager for CIGNA Group Insurance, to Ms. Ruddy, LINA purported to deny all disability benefits to Ms. Ruddy effective March 8, 2006.

35. According to Ms. Accetta's June 21, 2007 letter, LINA purports to deny disability benefits to Ms. Ruddy on the basis of a review of Ms. Ruddy's medical records by an unidentified "Nurse Case Manager."

## COUNT I

### Recovery of ERISA Benefits

36. Ms. Ruddy repeats and incorporates by reference the allegations set forth in paragraphs 1 through 35 above.

37. Under 29 U.S.C. §1132(a)(1)(B), Ms Ruddy is entitled to recover benefits due to her under the policy's terms, including without limitation disability benefits for her continuing disability.

## COUNT II

### Attorneys' Fees

38. Ms Ruddy repeats and incorporates by reference the allegations set forth in paragraphs 1 through 37 above.

39. Under 29 U.S.C. §1132(g)(1), Ms. Ruddy should be awarded reasonable attorneys' fees and costs of this action.

WHEREFORE, plaintiff Diana Ruddy respectfully requests that this Court enter judgment in her favor and against defendant Life Insurance Company of North America, as follows:

a. Declaring that Ms. Ruddy is, and at all times relevant to this action has been, disabled within the meaning of Group Policy No. LK-970011;

b. Awarding to Ms. Ruddy the benefits due to her pursuant to 29 U.S.C. §1132(a)(1)(B);

c. Awarding to Ms. Ruddy reasonable attorneys' fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1); and

    d. Awarding such other and further relief as this Court deems just and proper.

                              Respectfully submitted,

                              /s/ John S. Spadaro

                              John S. Spadaro, No. 3155
                              John Sheehan Spadaro, LLC
                              724 Yorklyn Road, Suite 375
                              Hockessin, DE 19707
                              (302)235-7745

March 27, 2008                    Attorney for plaintiff Diana Ruddy

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DIANA RUDDY

### DEFENDANTS
Life Insurance Company of North America

**(b)** County of Residence of First Listed Plaintiff: Kent County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Out-of-state
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John S. Spadaro, Esq., John Sheehan Spadaro, LLC, 724 Yorklyn Road, Suite 375, Hockessin, DE 19707

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §1001 et seq.

Brief description of cause:
Plaintiff seeks recovery of disability benefits under ERISA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.