IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIANA RUDDY, | : |
|     Plaintiff, | : |
| v. | :    C.A. No. 08-174-SLR |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | : |
|     Defendant. | : |

## ANSWER TO COMPLAINT

Defendant, Life Insurance Company of North America ("Defendant"), by and through its undersigned counsel, hereby ANSWERS the *Complaint* [D.I. 1] ("Complaint") filed by Plaintiff, Diana Ruddy ("Plaintiff"), as follows:

1. With respect to the recovery sought, no answer is required. Otherwise, denied.

2. With respect to the relief and / or recovery sought, no answer is required. Otherwise denied.

3. Admitted.

4. Admitted.

5. Admitted that Defendant is a former employee of Dover Downs Gaming and Entertainment, Inc. ("Dover Downs"). Defendant is without information to admit or deny remaining allegations contained in this paragraph. Therefore, except as admitted, denied.

6. Defendant is unaware of Plaintiff's intended meaning of "regularly." Therefore, Defendant is without information to admit or deny that portion of the allegations contained in this paragraph. Otherwise, admitted.

7. It is unclear what Plaintiff alleges as "all times relevant." Admitted that LINA issued a group policy (LK-970011) to Dover Downs (the "Policy"). The Policy speaks for itself. Except as admitted, denied.

8. It is unclear what Plaintiff alleges as "all times relevant." Admitted that Plaintiff's last day worked at Dover Downs was on September 3, 2003. Admitted that Plaintiff was eligible for coverage under the Policy at that time. Except as admitted, denied.

9. Admitted that the Policy speaks for itself. Except as admitted, denied.

10. Denied.

11. Denied.

12. Admitted, upon information and belief.

13. Admitted that, on October 22, 2001, Plaintiff sought chiropractic treatment, claiming neck and back pain arising from an alleged motor vehicle accident. Admitted that Plaintiff's treating physician has characterized Plaintiff's alleged condition as "brachial plexus traction injury." Except as admitted, denied.

14. Admitted that Plaintiff's treating physician has characterized Plaintiff's alleged condition as "reflex sympathetic dystrophy." Except as admitted, denied.

15. No response is required. Otherwise, denied.

16. Admitted that Plaintiff's treating physician has characterized Plaintiff as having "multiple sclerosis." Except as admitted, denied.

17. No response is required. Otherwise, denied.

18. Admitted that one of Plaintiff's doctors diagnosed Plaintiff with "Major Depressive Disorder, Recurrent, Severe." No response is required with respect to Plaintiff's

2

characterization of major depressive disorder or what is common to those who suffer from it. Except as admitted, denied.

19. Denied.

20. Denied.

21. Admitted that by letter dated May 20, 2004 (the "May 20 Letter"), LINA informed Plaintiff that "[w]e have completed our evaluation and have determined that you do not continue to be disabled . . ." but invited her to submit additional documentation (including specific examples of document that Plaintiff previously omitted). The May 20 Letter speaks for itself. Except as admitted, denied.

22. Denied. It is specifically denied that LINA was unwilling to deal fairly with Plaintiff. It is further specifically denied that LINA has a "predisposition toward denying benefits."

23. Admitted that LINA relied, in part, on the report of Dr. Robert Riederman. Denied that LINA retained Dr. Riederman or paid him for any services in connection with plaintiff's claim. Denied that authority cited by Plaintiff is applicable in this case. Except as admitted, denied.

24. Denied. It is specifically denied that LINA's handling of Plaintiff's claim was "perverse and ethically suspect."

25. Admitted that, Plaintiff eventually met her obligation to demonstrate to LINA that her condition, at the time of March 1, 2004, met the Policy's definition of "Disabled"; and that LINA, therefore, paid Plaintiff benefits under the Plan from March 1, 2004, through February 28, 2006. Except as admitted, denied.

26. Denied.

27. Denied. The characterization of Plaintiff's alleged condition is specifically denied.

28. Admitted that Plaintiff was treated by Robert J. Schwartzman, M.D. To the extent any further response is required, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations.

29. It is unclear at what point in time or by what definition of "disabled" Plaintiff alleges. Therefore, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegation.

30. Admitted that Plaintiff was treated by Sonya Tuerff, M.D. To the extent any further response is required, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations.

31. It is unclear at what point in time or by what definition of "disabled" Plaintiff alleges. Therefore, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegation.

32. Admitted.

33. Admitted that, in a letter dated August 16, 2006 (the "August 16 Letter), Patricia A. Guariello, Ph.D. opined, among other things, as of that date, that Plaintiff "is now unable to manage many physically [sic] tasks that most of us take for granted"; that "[c]urrently, I would be unable to recommend that Ms. Ruddy return to the work force now or in the future"; and that "as of now her prognosis for mental health is guarded." Admitted that, in a letter dated February 26, 2007, Dr. Guariello further opined, "[t]he simple activities of daily living that most people take for granted are at times insurmountable for Ms. Ruddy." Except as admitted, denied.

4

34. Admitted that, in a letter dated November 14, 2006 (the "November 14 Letter"), LINA stated, "[w]e have reviewed your claim as requested in your Notice of Appeal and must deny your entitlement to benefits." As further set forth in the November 14 Letter, LINA was assisted in the evaluation "by Dr. Gerstenblitt, board certified in internal and occupational medicine." The November 14 Letter speaks for itself. Admitted that, in a letter dated January 24, 2007 (the "January 24 Letter"), LINA acknowledged receipt of Plaintiff's second appeal of LINA's previous denial of benefits under the Plan and stated, "[s]ince you did not submit any new medical information, your appeal is not being accepted at this time." The January 24 Letter speaks for itself. Admitted that Plaintiff then submitted additional information and again sought review of LINA's previous denial. Admitted that LINA then further considered Plaintiff's second appeal. Admitted that LINA communicated its decision to affirm the previous denial, through a letter dated June 21, 2007 (the "June 21 Letter"), which was from Diana Accetta. The June 21 Letter speaks for itself. Except as admitted, denied.

35. Admitted that LINA communicated its denial of Plaintiff's second appeal, through the June 21 Letter. Admitted that, in addition to all the other levels of review, LINA was assisted by a Nurse Case Manager. Except as admitted, denied.

36. Except as admitted, denied.

37. Denied.

38. Except as admitted, denied.

39. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff is not disabled within the meaning of the policy or plan and this constitutes a complete defense to the claims contained in Plaintiff's Complaint.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by virtue of one or more of the provisions of the insurance policy or plan at issue.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's remedies, if any, are limited to those provided under ERISA and her damages, if any, are subject to the restrictions, deductions and offsets contained in the applicable policy.

## FOURTH AFFIRMATIVE DEFENSE

The Court's review of this matter is limited to the administrative record before the claims administrator or claims fiduciary at the time of the denial of Plaintiff's claim.

## FIFTH AFFIRMATIVE DEFENSE

No payments are owed to the Plaintiff under the terms and conditions of the said policy or plan.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's eligibility for benefits is subject to the restrictions contained in the policy or plan.

## SEVENTH AFFIRMATIVE DEFENSE

This Court's adjudication of this matter is subject to the arbitrary and capricious standard of review.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for benefits under the policy was properly denied by Life Insurance Company of North America.

## NINTH AFFIRMATIVE DEFENSE

Answering Defendant asserts any and all defenses available to them under the terms of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, laches, equitable estoppel and waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy one or more conditions precedent for coverage under the contract.

## TWELFTH AFFIRMATIVE DEFENSE

Delaware law does not permit claims for future payments under an income disability policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not submitted appropriate or sufficient medical proof on her claim of disability under the policy and, therefore, is not entitled to benefits.

## FOURTEENTH AFFIRMATIVE DEFENSE

Life Insurance Company of North America's denial of benefits under all of the circumstances was reasonable and was not arbitrary, capricious, unreasonable or erroneous as a matter of law, and this constitutes a complete defense to the within cause of action.

## FIFTEENTH AFFIRMATIVE DEFENSE

Life Insurance Company of North America's factual determinations resulting in the denial of benefits was, under all of the circumstances, reasonable.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial pursuant to the provisions of ERISA, 29 U.S.C. §1001, et seq.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages, including any claims for future disability benefits, interest, attorney's fees, costs, and any other relief, are barred and/or preempted by one or more provisions of ERISA, 29 U.S.C. §1001, et seq.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for future benefits are legally improper and, at most, Plaintiff would only be entitled to monthly benefits upon continued proof of disability and subject to all the terms of the policy or plan.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by the applicable statute of limitations under ERISA and any contractual limitations period under the terms of the policy or plan.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred in whole or in part by any other applicable statute of limitations.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Life Insurance Company of North American has discretionary authority to determine Plaintiff's eligibility for benefits and its decisions were not arbitrary and capricious.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Life Insurance Company of North America is not equitably estopped from denying Plaintiff's claims for future coverage.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Any relief awarded to Plaintiff may be reduced or offset by benefits with which the subject policies integrates, if any, or should be otherwise reduced as required by law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's present claim of disability is not supported under all the circumstances and any failure on the part of the Plaintiff to be working in the occupation she was engaged in when she allegedly first became disabled was due to Plaintiff's own choice and/or caused by circumstances other than Plaintiff's claimed disability.

WHEREFORE, Defendant, Life Insurance Company of North America, asks that this Court (i) dismiss the Complaint with prejudice; (ii) enter judgment in favor of the Defendant and against Plaintiff, Diana Ruddy; (iii) award the Defendant their costs and reasonable counsel fees; and (iv) grant such other and further relief as may be just and proper.

CONNOLLY BOVE LODGE & HUTZ LLP

*[signature]*

Timothy M. Holly (Del. Bar No. 4106)
Jeffrey C. Wisler (Del. Bar No. 2795)
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel. (302) 252-4217
Fax. (302) 658-0380
e-mail: tholly@cblh.com
*Attorneys for Defendant*

Dated: May 27, 2008

CBLH: 613233