# John Sheehan Spadaro, LLC

ATTORNEY AT LAW

724 YORKLYN ROAD, SUITE 375

HOCKESSIN, DELAWARE 19707

TELEPHONE: 302.235.7745

FACSIMILE: 302.235.2536

JSPADARO@JOHNSHEEHANSPADARO.COM

June 30, 2008

**BY ELECTRONIC FILING**
The Honorable Sue L. Robinson
United States District Judge
U.S. District Court for the District of Delaware
844 North King Street, Room 4209
Lock Box 31
Wilmington, DE 19801

       **Re: Ruddy v. Life Ins. Co. of North America**
           **C.A. No.: 1:08-CV-174SLR**

Dear Judge Robinson:

      In this ERISA case involving disability insurance, I represent the plaintiff Diana Ruddy, while Tim Holly represents the defendant Life Insurance Company of North America ("LINA"). In anticipation of tomorrow's teleconference with the Court, the parties offer this joint report on the discovery plan.

      The parties reached agreement on most of the necessary deadlines, but were unable to agree on certain provisions regarding discovery limits. For this reason, we have enclosed the parties' two competing versions of Scheduling Order. To assist the Court, I note the parties' discrete areas of disagreement:

      **Section 2(a).** Ms. Ruddy's draft states that discovery will be needed on the following subjects: 1) Ms. Ruddy's claim of long-term disability, and 2) Ms. Ruddy's claim of damages, including her claim for attorneys' fees under the ERISA statute.

LINA's draft states that discovery shall be limited to "the administrative record marked by Defendant as D0001-D1853." LINA advises us that these documents comprise LINA's claim file for this matter.

      **Section 2(c).** Ms. Ruddy's draft provides for a maximum of twenty interrogatories by each party. LINA's draft prohibits the use of interrogatories.

2001

The Hon. Sue L. Robinson
June 30, 2008
Page 2

**Section 2(d).** Ms. Ruddy's draft provides for a maximum of twenty requests for admissions by each party. LINA's draft prohibits the use of requests for admissions.

**Section 2(f).** Ms. Ruddy's draft provides for a six-hour limit on depositions. LINA's draft prohibits the taking of depositions.

**Section 2(g).** Ms. Ruddy's draft provides for initial expert disclosures on January 9, 2009, with rebuttal disclosures on February 9, 2009. LINA's draft prohibits the use of expert testimony.

If the Court has any questions regarding this summary of the parties' positions, Mr. Holly and I are available to address them.

Respectfully,

/s/ John S. Spadaro

John S. Spadaro

JSS/slr
encl.
cc: Timothy M. Holly, Esq. (by electronic filing)

2001

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANA RUDDY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 1:08-CV-174SLR |
| | ) | |
| v. | ) | |
| | ) | |
| LIFE INSURANCE COMPANY | ) | |
| OF NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

At Wilmington this 1st day of July 2008, the parties having satisfied their obligations under Fed. R. Civ. P. 26 (f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery**.

(a) Discovery will be needed on the following subjects: 1) Ms. Ruddy's claim of long-term disability under Group Policy No. LK-970011, and 2) Ms. Ruddy's claim of damages, including her claim for attorneys' fees under 29 U.S.C. §1132(g)(1).

(b) All discovery shall be commenced in time to be completed by December 1, 2008.

(c) Maximum of twenty (20) interrogatories by each party to any other party.

(d) Maximum of twenty (20) requests for admission by each party to any other party.

(e) Maximum of five (5) depositions by plaintiff and five (5) by defendant.

1967

(f) Each deposition limited to a maximum of six (6) hours unless extended by agreement of parties.

(g) Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by January 9, 2009. Rebuttal expert reports due by February 9, 2009.

(h) **Discovery Disputes**. Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to **two (2)** Rule 37 motions. The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification**. All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before September 1, 2008.

4. **Settlement Conference**. Pursuant to 28 U. S. C. § 636, this matter is referred to a Magistrate Judge for purposes of exploring ADR.

5. **Summary Judgment Motions**. All summary judgment motions shall be served and filed with an opening brief on or before February 27, 2009. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

6. **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

7. **Motions in Limine**.  All motions in limine shall be filed on or before **[two weeks before pretrial conference]**.  All responses to said motions shall be filed on or before **[one week before pretrial conference]**.

8. **Pretrial Conference**.  A pretrial conference will be held on _____ at _____ in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del. LR 14 16.4 shall govern the pretrial conference.

9. **Trial**.  This matter is scheduled for a [day/week] bench commencing on _____ in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANA RUDDY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 1:08-CV-174SLR |
| | ) | |
| v. | ) | |
| | ) | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

At Wilmington this 1st day of July 2008, the parties having satisfied their obligations under Fed. R. Civ. P. 26 (f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery**. Discovery shall be limited to the administrative record marked by Defendant as D0001-D1853.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification**. All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before September 1, 2008.

4. **Settlement Conference**. Pursuant to 28 U. S. C. § 636, this matter is referred to a Magistrate Judge for purposes of exploring ADR.

5. **Summary Judgment Motions**. All summary judgment motions shall be served and filed with an opening brief on or before February 27, 2009. Briefing shall be pursuant to D. Del.

1967

LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

      6. **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

      7. **Motions in Limine**. All motions in limine shall be filed on or before **[two weeks before pretrial conference]**. All responses to said motions shall be filed on or before **[one week before pretrial conference]**.

      8. **Pretrial Conference**. A pretrial conference will be held on _____ at _____ in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 14 16.4 shall govern the pretrial conference.

      9. **Trial**. This matter is scheduled for a [day/week] bench commencing on _____ in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

 

                                                            _____
                                                            United States District Judge